Alesco Preferred Funding VIII, Ltd v ACP Re, Ltd (2022 NY Slip Op 05920)

Alesco Preferred Funding VIII, Ltd v ACP Re, Ltd

2022 NY Slip Op 05920

Decided on October 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 20, 2022

Before: Kern, J.P., Gesmer, Scarpulla, Rodriguez, JJ. 

Index No. 655881/17 Appeal No. 16501-16501A Case No. 2021-01519 2022-01984 

[*1]Alesco Preferred Funding VIII, Ltd, et al., Plaintiffs-Respondents-Appellants,
v
ACP Re, Ltd, et al., Defendants-Appellants-Respondents, William F. Dove et al., Defendants. 

Quinn Emanuel Urquhart & Sullivan, LLP, New York (William B. Adams of counsel), for appellants-respondents.
Wollmuth Maher & Deutsch LLP, New York (Timothy A. DeLange, of the bar of the State of California, admitted pro hac vice, of counsel), for respondents-appellants.

Orders, Supreme Court, New York County (Andrew Borrok, J.), entered March 26, 2021, April 11 2022, and April 20, 2022, which, to the extent appealed from, granted, in part, defendants' motion to dismiss the fourth cause of action for fraud and sixth cause of action for breach of fiduciary duty insofar as asserted against certain director and officer defendants, and denied, in part, defendant's motion to dismiss the first and second causes of action for breach of contract, the third cause of action for tortious interference with contract, the fourth cause of action for fraud, the fifth cause of action for aiding and abetting fraud, the sixth cause of action for breach of fiduciary duty, and the seventh cause of action for aiding and abetting breach of fiduciary duty, as well as all claims asserted against defendants Tower Group International, Ltd., ACP Re, Ltd., and the Karfunkel Defendants based on contractual successor liability, unanimously modified, on the law, to dismiss the second cause of action, and otherwise affirmed, without costs.
The court properly denied defendants' motion to dismiss the first cause of action for breach of contract and third cause of action for tortious interference asserted against TGIL, ACP, and the Karfunkel Defendants as asserted based on the indenture clauses providing for the assumption of liability for indenture payments by entities that succeed to those obligations based on the occurrence of certain consolidation, merger, or asset/stock disposition transactions. Plaintiffs adequately stated these causes of action against these defendants based on allegations that there were certain merger transactions in which the indenture issuer "was not the surviving corporation" so as t0 trigger the indentures' Section 11.1 and 11.2 successor liability provisions requiring an assumption of liabilities by the other entity involved in the merger transaction. Contrary to defendants' contention, the plain language of those provisions does not require, as a matter of law, the finding that the transactions at issue were ones in which the indenture issuer company was "the surviving corporation," merely based on the fact that the issuer's corporate existence was not entirely extinguished by the transaction and the issuer continued as an indirect subsidiary of the merger counterparty. Nor does the plain language require the finding that the transactions did not trigger the provisions based on the fact that there was no execution of a supplemental indenture, as the failure to execute a supplemental indenture in connection with a merger where the issuer was not the surviving corporation would have constituted a breach of the required promise by the merger counter-party to execute such a document. Plaintiffs' reading of the successor liability provisions finds support from TGIL's proxy statement, which stated that TGIL was "deemed" a "successor" of TGI "pursuant to Rule 12g-3(a)" of the Securities Exchange Act and "is the successor issuer [*2]to TGI, succeeding to the attributes of TGI as registrant." We decline to consider whether the court properly determined that plaintiffs could pursue and adequately alleged alter ego or veil piercing as separate theories for asserting claims against the successor defendants, as defendants did not challenge those rulings in their opening appellate brief (see Shackman v 400 E. 85th St. Realty Corp., 161 AD3d 438, 439 [1st Dept 2018]).
Contrary to defendants' assertion on appeal, we also find that the court ruled correctly to the extent it declined to dismiss the claims for fraud (count four) and aiding and abetting fraud (count five), in their entirety, for failure to state them with the particularity sufficient to satisfy CPLR 3016(b).
However, the court should have granted dismissal of the second cause of action for breach of contract alleging that certain payments made in connection with the Reinsurance and Renewal Rights Agreements violated the Limitation on Dividends clause (Section 3.8 of the Indentures). As plaintiffs do not dispute that the nature of the payments involved mutual consideration and were not one-way, the payments were, as a matter of law, not the type that could fall within the Limitation on Dividends clause.
We have considered the parties' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2022